**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SANDRA KENNEDY,

      Plaintiff-Appellee,

v.

WAL-MART STORES, INC.,
a foreign corporation,

      Defendant-Appellant.

No. 00-7120
(D.C. No. 99-CV-654-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sandra Kennedy worked for Wal-Mart as a cashier from July 14, 1997, until her resignation on March 6, 1999. Her nominal supervisor, Collin Cooper, allegedly sexually harassed her from sometime in 1997 until he was terminated on September 16, 1998. Ms. Kennedy sued Wal-Mart, asserting claims for hostile environment sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17, for retaliation, and for intentional infliction of emotional distress. Only the sexual harassment claim was tried to a jury, which found in favor of Ms. Kennedy and awarded her $43,750 in damages. The court added $20,000 in costs and attorney's fees. Wal-Mart moved for judgment as a matter of law, which was denied.

Wal-Mart appeals, arguing that there is insufficient evidence to hold it vicariously liable for sexual harassment and that the district court should have granted its motion for judgment as a matter of law. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

This court reviews de novo the denial of a motion for judgment as a matter of law under Fed. R. Civ. P. 50(b). See Tyler v. RE/MAX Mountain States, Inc., 232 F.3d 808, 812 (10th Cir. 2000). A court should grant a defendant judgment as a matter of law "if there is no legally sufficient evidentiary basis . . . with respect to [the plaintiff's] claim . . . under the controlling law." Baty v. Willamette Indus., Inc., 172 F.3d 1232, 1241 (10th Cir. 1999) (quotation omitted).

-2-

In evaluating a Rule 50(b) motion, this court examines all the evidence admitted at trial, construing that evidence and the inferences from it in the light most favorable to the non-moving party. See Tyler, 232 F.3d at 812. "Such a judgment is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." See Baty, 172 F.3d at 1241 (quotation omitted). In a Title VII case like this one, where the employer did not take an adverse action against the plaintiff employee, the employer cannot be held vicariously liable for the harassing acts of its supervisory employee if it shows: "'(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.'" Harrison v. Eddy Potash, Inc., 158 F.3d 1371, 1375 (10th Cir. 1998) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998), and Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998)). To succeed on appeal, Wal-Mart must demonstrate that there is no reasonable inference in favor of Ms. Kennedy on either prong of its defense.

Wal-Mart contends that Ms. Kennedy was dilatory in making her complaints, but that it responded promptly when she did complain, eventually terminating Mr. Cooper because he failed to follow the instructions he was given

concerning his contact with cashiers. As a result, Wal-Mart argues, it cannot be held vicariously liable for the harassment. Ms. Kennedy paints a different picture from the evidence.

Wal-Mart had a "no tolerance" or "zero tolerance" policy toward sexual harassment, Appellant's App. at 350, and both Ms. Kennedy and Mr. Cooper were trained on it when they were hired, id. at 149, 168-69. Ms. Kennedy testified that Mr. Cooper would run his hands and fingers through her hair, would massage her neck and shoulders, would give her hugs, would put his arms around her, would put his arm in the small of her back, would touch her in ways that she did not want him touching her, would tell her dirty jokes, and would brush his pelvic area up against her. Id. at 189. Under Wal-Mart's policy, Ms. Kennedy's responsibility was to report Mr. Cooper's sexual harassment to management. Id. at 443, 445. She first made a written complaint to Wal-Mart management about Mr. Cooper's behavior on November 5, 1997. Id. at 192-93. She asked management to move either her or Mr. Cooper so that they would not be around each other at work. Id. at 196-97. The harassment "slacked off" for a couple of weeks but did not stop, id. at 197, and management never followed up with Ms. Kennedy about Mr. Cooper, id. at 198. She said that nothing was done by management for about a month after she complained. Id. at 191.

On November 9 or 10, 1997, a manager met with Mr. Cooper in a "decision-making day," and told him to behave appropriately. Id. at 191, 286-87, 357, 471. The record of this meeting reflects that management was counseling Mr. Cooper due to complaints of sexual harassment. Id. at 288, 471. However, management did not terminate Mr. Cooper, did not move Mr. Cooper to another shift, did not demote Mr. Cooper to eliminate his reason for being around the other cashiers, and never explored the possibility of moving Ms. Kennedy to another shift. Id. at 359-60. The district manager, Bill White, had the responsibility to investigate complaints of sexual harassment at the Wal-Mart store where Ms. Kennedy and Mr. Cooper worked. Id. at 302-03, 350. He did not speak to Mr. Cooper himself, but assigned another manager to meet with Mr. Cooper. Id. at 357. He never asked management to do periodic follow-ups to see whether Mr. Cooper was still harassing cashiers. Id. at 361.

Ms. Kennedy testified that Mr. Cooper's inappropriate behavior continued until she went on maternity leave in April 1998. Id. at 198. When she returned to work in July 1998, she was still assigned to Mr. Cooper's shift and his inappropriate behavior resumed. Id. at 199. She complained to management again, id. at 199-200, but got nowhere, id. at 201-02. She did not complain directly to Bill White because he made her feel uncomfortable, made her feel like she was lying, would not take her word on anything, and acted like he did not

want to listen to what was happening. Id. at 200. One day, after Mr. Cooper put his arms around her, Ms. Kennedy complained for the first time to Vicki Luman, an assistant manager, and the process was started that culminated in Mr. Cooper's termination for inappropriate conduct on September 16, 1998. Id. at 87, 202-03. Mr. Cooper was terminated ten months after Ms. Kennedy first complained about him. Id. at 363.

This evidence is clearly sufficient to support an inference that Wal-Mart failed to take reasonable care to prevent and correct Mr. Cooper's sexual harassment of Ms. Kennedy. She complained repeatedly to Wal-Mart managers about Mr. Cooper's behavior, yet, for ten months, management did not fire him, demote him, move him, or move her to keep him away from her. Wal-Mart states that Ms. Kennedy complained only twice, and points to evidence that it promptly investigated two of her complaints, that Bill White told her to call him at any time if her problems with Mr. Cooper continued but she did not, that she did not complain on her written performance evaluations about Mr. Cooper, and that she instructed the customer support manager on one occasion not to relay her complaints to other managers. Wal-Mart's argument merely demonstrates that the evidence presented factual issues for the jury to decide, not that the only reasonable inferences to be drawn from the evidence were in its favor. Wal-Mart's authorities are inapposite. See Stuart v. Gen. Motors Corp., 217 F.3d

621, 633 (8th Cir. 2000) (noting that employer promptly determined that employee's locker could not be fingerprinted to discover who had placed pornographic posters on locker, and that within a few days of employee's complaint about pornographic computer program, employer removed the computer on which program was discovered, checked all other computers in workplace for offending program, interviewed other staff as to their knowledge of program, reiterated company's sexual harassment policy to staff, and offered complaining employee a transfer); Montero v. AGCO Corp., 192 F.3d 856, 862-63 (9th Cir. 1999) (noting that employer promptly interviewed staff regarding employee's complaint, terminated one offender and disciplined two others, informed staff that employer would not tolerate retaliation against complaining employee, and hired new manager for facility). Thus, the evidence is sufficient to support Wal-Mart's vicarious liability for Mr. Cooper's objectionable behavior.

In addition, the evidence also supports an inference that Ms. Kennedy did not unreasonably fail to take advantage of the company's preventive or corrective procedures or to otherwise avoid harm. Wal-Mart's authorities are inapposite to the facts presented at this trial. See Hill v. Am. Gen. Fin., Inc., 218 F.3d 639, 643 (7th Cir. 2000) (noting employee's initial complaints to management were unsigned letters); Casiano v. AT&T Corp., 213 F.3d 278, 286-87 (5th Cir. 2000) (noting employee failed to promptly notify company of sexual harassment);

Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1301-02 (11th Cir.) (noting plaintiff employees did not complain formally to individuals designated by company's sexual harassment policy), cert. denied, 121 S. Ct. 303 (2000); Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 294-95 (2d Cir. 1999) (noting employee did not complain of harassment before quitting job); Shaw v. AutoZone, Inc., 180 F.3d 806, 812-13 (7th Cir. 1999) (noting employee did not complain of harassment). The district court did not err by denying Wal-Mart's motion for judgment as a matter of law.

Appellant's unopposed motion to supplement the record is granted. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge

-8-